**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LE'ELDRED PALM, Sr.,

Plaintiff - Appellant,

v.

GO DADDY.COM, INC.,

Defendant - Appellee.

No. 10-15721

D.C. No. 2:09-cv-02602-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted April 20, 2011[**]
San Francisco, California

Before:     SKOPIL, FARRIS, and LEAVY, Circuit Judges.

Le'Eldred Palm, Sr. appeals pro se the district court's judgment dismissing

his action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim, *see Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000), we review for abuse of discretion the denial of leave to amend, *see Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008), and we review for abuse of discretion the denial of a reconsideration motion, *see Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

Palm attempted to allege claims in connection with agreements with defendant regarding the leasing of numerous internet domain names. The single issue Palm raised in his informal brief to this court is his contention that "my complaint should have been filed as a diversity complaint not a federal question."

We reject Palm's contention on appeal because his amended complaint alleged federal question jurisdiction under 28 U.S.C. § 1331, as well as supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. In his amended complaint, he sought relief under both federal and state law, including breach of contract, breach of fiduciary duty, conspiracy, copyright infringement, extortion, forgery, fraud, fraudulent concealment, gross negligence, intentional infliction of emotional distress, and wire fraud. The district court properly dismissed Palm's amended complaint because the complaint fails to plead facts sufficient to establish that the defendant's conduct constituted an actionable injury.

*See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim).

Moreover, the district court did not abuse its discretion when it dismissed the amended complaint with prejudice because it gave Palm sufficient opportunity to amend his complaint and it was clear that the deficiencies could not be cured. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

Finally, the district court did not abuse its discretion in denying Palm's three motions to reconsider because Palm failed to show cause justifying reconsideration. *See School Dist. No. 1J, Multnomah County.* 5 F.3d at 1263 (setting forth elements for reconsideration).

**AFFIRMED.**